**BARSHAY SANDERS, PLLC**
Craig B. Sanders (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122163

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ash Newell,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Los Angeles Times<br>Communications LLC,<br><br>　　　　　Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ash Newell ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Los Angeles Times Communications LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's images and many others are the subject of pending copyright

applications.

4. Defendant owns and operates a website known as www.latimes.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Ash Newell is an individual who is a citizen of the State of Kentucky and maintains a principal place of business 524 Barberry Lane, Louisville, Kentucky.

7. On information and belief, Defendant Los Angeles Times Communications LLC, is a California limited liability company with a principal place of business at 2300 East Imperial Highway, El Segundo in Los angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Los Angeles Times Communications LLC because it maintains its principal place of business in California.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Los Angeles Times Communications LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which Plaintiff licenses to online and print publications.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

15. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

16. On or about September 1, 2011, Plaintiff Ash Newell authored a photograph of Kristofferson (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

17. Plaintiff applied to the USCO to register the Photograph on February 14, 2019 under Application No. 1-7419920812.

18. The Photograph was registered by USCO on February 14, 2019 under Registration No. VA 2-146-260.

19. On or about September 7, 2018, Plaintiff observed the Photograph on the Website in a story dated August 10, 2015. A copy of screengrab of Website including the Photograph is attached hereto as Exhibit 2.

20. The Photograph was displayed at URL: http://www.latimes.com/travel/lasvegas/lasvegasnow/la-tr-lvn-las-vegas-shows-kris-kristofferson-john-prine-20150809-story.html# and was stored at URL: https://ca-

times.brightspotcdn.com/dims4/default/e4be511/2147483647/strip/true/crop/1464x2048+0+0/resize/840x1175!/format/webp/quality/90/?url=https%3A%2F%2Fcalifornia-times-brightspot.s3.amazonaws.com%2F6a%2F7c%2Fb55c9250f49bb91ccf7eb9fbd05d%2Fla-tr-lvn-las-vegas-shows-kris-kristofferson-j-001.

21.  Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Photograph as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

22.  On information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

23.  The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

24.  The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

25.  On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

26.  On information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and edits as its agents, including but not limited to Susan Stapleton ("Employees").

27. On information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

28. On information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

29. On information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

30. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

31. On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

32. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

33. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

34. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

35. On information and belief, Defendant monitors the content on its Website.

36. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

37. On information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase its advertising revenues and/or merchandise sales.

38. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

39. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

40. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

41. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

42. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

43. The Photograph is an original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

44. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

45. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

46. Defendant's reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement. *Feist*

*Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

47. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing articles on the Website.

48. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

49. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

50. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendants infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as

provided by 17 U.S.C. § 504 in an amount to be proven;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: May 24, 2021

**BARSHAY SANDERS, PLLC**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122163